UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SANCTIONED/BARRED JOHN POULLARD     CASE NO.  6:25-CV-00744

VERSUS                                                     JUDGE ROBERT R. SUMMERHAYS

ANYA GUILLORY                                       MAGISTRATE JUDGE DAVID J. AYO


## ORDER and REASONS

Before the Court for consideration is the Complaint of pro se Plaintiff, John Poullard,[1] and

a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(6) filed by Defendant, Anya

Guillory.[2] Because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court "shall dismiss the

case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a

claim on which relief may be granted."[3] Pursuant to the forgoing authority and for the reasons that

follow, this action is DISMISSED with prejudice.

Poullard brings this action against Anya Guillory, Manager of American Cash Advance,

asserting claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 12101, et seq.[4] More particularly, Poullard contends Guillory "violated his 14th

Amendment U.S. Constitution right when she discriminated against him John Poullard, with her

harassment" in trying to collect on a loan Poullard contends was "absolutely null" for allegedly

containing contractual terms "in violation to clearly established law by the U.S. Supreme Court in

---

[1] ECF No. 1.
[2] ECF No. 15.
[3] 28 U.S.C. § 1915(e)(2).
[4] ECF No. 1 at 4, 13.

*Bennett v. Arkansas*, 108 S.Ct. 1204 (1988)."[5] He contends Guillory violated the ADA by "harass[ing]" him when "she knew plaintiff was an American with Disability."[6]

Poullard is well known for filing frivolous lawsuits. While incarcerated in state prison, he filed numerous lawsuits in the Western and Eastern Districts of Louisiana, numerous appeals with the United States Fifth Circuit Court of Appeals, and numerous petitions with the United States Supreme Court. He is no longer permitted to proceed IFP in the Middle District of Louisiana due to his frivolous litigation,[7] nor is he permitted to proceed IFP in any noncriminal matter at the United States Supreme Court due to his abuse of that Court's process.[8] He has been sanctioned by the Fifth Circuit on at least two occasions,[9] and the Middle District dismissed one of his more recent lawsuits with prejudice, finding Poullard had "forfeited his right to bring claims before this Court due to his abusive, vulgar, and profane behavior."[10] Were Poullard still incarcerated, he would be barred from proceeding IFP in this matter under 28 U.S.C. § 1915(g).[11]

"[D]istrict courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants."[12] "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions

---

[5] *Id.* at 4-5, 13.

[6] *Id.* at 13.

[7] *Poullard v. Jindal*, No. 09-214, ECF No. 8 (M.D. La. Apr. 29, 2009) (dismissing suit without prejudice and prohibiting Poullard from proceeding IFP in any future lawsuits); *see also id.*, 2014 WL 1622131, *1 (M.D. La. Apr. 22, 2014).

[8] *In re Poullard*, 141 S.Ct. 1757 (2021)

[9] *In re Poullard*, No. 19-30537 (5th Cir. July 22, 2019); *In re Poullard*, No. 11-31064 (5th Cir. Jan. 5, 2012).

[10] *Poullard v. Edwards*, No. 19-301, 2021 WL 3084990, *2 (M.D. La. July 21, 2021).

[11] *See e.g. Poullard v. Edmond*, 68 F.3d 465, *1 (5th Cir. 1995) ("his appeal lacks arguable merit and is therefore frivolous"); *John Poullard v. David Knapps*, No. 93-cv-1059 (M.D. La. Feb. 4, 1994) (dismissed as frivolous); *John Poullard v. Sgt. John Swan*, No. 94-cv-811 (M.D. La. Jan. 27, 1995) (dismissed as frivolous); *John Poullard v. Andre Castaing*, No. 94-cv-1725 (M.D. La. Jan. 23, 1995) (dismissed as frivolous); *John Poullard v. Edwin Edwards*, No. 94-cv-2504 (M.D. La.) (two strikes—district court and appeal dismissed as frivolous); *Poullard v. Foster, et al.*, No. 3:96-cv-56 (M.D. La. May 30, 1996) (dismissed as frivolous); *Poullard v. Vannoy, et al.*, No. 3:94-cv-527 (M.D. La. Nov. 21, 1994) (dismissed as frivolous).

[12] *Ruston v. Dallas Cnty.*, No. 3:07-CV-1076, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008).

to protect the courts' ability to effectively control the numerous matters filed therein."[13] Likewise, a litigant "acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[14]

All of Poullard's claims brought in this matter are clearly barred as a matter of law and lack even an arguable basis in law. To state a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged violation was committed by a person acting under color of state law.[15] Here, Poullard clearly fails to satisfy the second element, as he does not allege Guillory was acting under color of state law. "[T]he ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)."[16] Title III, which is the only portion of the ADA possibly applicable to this matter, does not allow for the sole relief Poullard seeks in this suit—money damages.[17] Nor does Poullard allege facts to support a plausible claim under Title III of the ADA, as he has not shown he was "discriminated against of the basis of disability in the full and equal enjoyment of the . . . services . . . of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[18] Here, Poullard alleges a private lender harassed him to pay an outstanding loan. Notably, he does not contend he was denied a loan based on any purported disability. In fact, Plaintiff does not even allege he is disabled at all. Thus, once again, Poullard has brought an action that is clearly frivolous.[19]

---

[13] *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995).
[14] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[15] *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).
[16] *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (footnotes omitted).
[17] *See e.g.* 42 U.S.C. §§ 12181(6) & (7), 12188(a)(1).
[18] 42 U.S.C. § 12182(a).
[19] *See e.g. Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Black v. Griffin*, 638 Fed.Appx. 371 (5th Cir. 2016).

In light of the forgoing, the Court hereby DISMISSES this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Should Poullard continue his pattern of filing frivolous suits in this Court, sanctions will be imposed.

THUS DONE in Chambers on this _____26th_____ day of September, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE