UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SANCTIONED/BARRED JOHN POULLARD | CASE NO. 6:25-CV-00744 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ANYA GUILLORY | MAGISTRATE JUDGE DAVID J. AYO |

**ORDER and REASONS**

Before the Court for consideration are a Motion to Amend Complaint [ECF No. 22] and a Motion to Vacate the Court's Order dismissing this civil action with prejudice [ECF No. 23]. For the reasons that follow, the motions are DENIED.

Plaintiff John Poullard's original Complaint asserted claims against Anya Guillory, Manager of American Cash Advance ("ACA"), for deprivation of civil rights pursuant to 42 U.S.C. § 1983 and for violation of Poullard's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*[1] The Court dismissed all claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2).[2] Poullard asserts the Court's Order should be vacated, because he "clearly stated a claim" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in that Guillory was attempting to "enforce[e] an illegal contract."[3]

According to the Complaint, on an unspecified date in 2024, Poullard went to ACA to obtain a loan, which Guillory approved.[4] Thereafter, Poullard states he discovered the loan "violated the law and was absolutely null" because "it included that my SSI Benefits could be

---

[1] ECF No. 1 at 4, 13.
[2] ECF No. 18 at 4.
[3] ECF No. 23 at 2. Poullard asserts additional reasons why the Order should be vacated, none of which have any merit and will not be addressed.
[4] ECF No. 1 at 2-3.

garnishment from my bank account or garnishment in General."[5] Poullard alleges Guillory sent him a letter, dated December 21, 2024, stating that his loan was past due and reminding him that "Per signed agreement terms and conditions you authorize American Cash Advance to initiate . . . . . . . . , (Garnishment Fees). . . . . ."[6] Poullard alleges that the letter constitutes a threat to garnish his Supplemental Security Income ("SSI") in violation of 42 U.S.C. § 407(a).[7]

Contrary to his assertions, Poullard did not "clearly state[] a claim" under the FDCPA in his original Complaint. Nevertheless, due to his *pro se* status, the Court will consider whether it should vacate its Order dismissing this suit and permit Poullard to amend the Complaint to add a new claim arising under the FDCPA.[8] Where a case or claim is disposed of without a trial, a motion to alter or amend the judgment is considered under Fed. R. Civ. P. 59(e).[9] District courts have "considerable discretion" in deciding whether to grant a Rule 59(e) motion.[10] Nevertheless, the rule "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and is an "extraordinary remedy" that should be granted

---

[5] *Id.* at 4-5 (errors in original).
[6] *Id.* at 6-7. Poullard asserts Guillory subsequently sent two more letters in an attempt to collect on the loan, and that she made "multiple harassment" telephone calls to him between December of 2024 and March of 2025. *Id.* at 7-8, 10.
[7] *Id.* at 5-6. 42 U.S.C. §407(a) provides that "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." The Court notes the letter from Guillory, as quoted by Poullard, does not explicitly state that ACA was attempting to garnish Poullard's *SSI benefit payments*. Regardless, financial institutions are subject to federal regulations which prohibit the garnishment of protected federal benefits. *See* 31 C.F.R. § 212.1, *et seq.*
[8] *See e.g. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks, citations omitted).
[9] *See e.g. St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Smither v. Ditech Fin., L.L.C.*, 681 Fed.Appx. 347, 350 (5th Cir. 2017).
[10] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

"sparingly."[11] Rule 59(e) motions "cannot be used to argue a case under a new legal theory."[12] Nevertheless,

> Where judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted. Thus the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a).[13]

Leave to amend under Rule 15(a) should be "freely given when justice so requires."[14] Although leave to amend is a favored remedy under the express language of Rule 15(a), it is not automatic and may be properly denied where, for example, a court finds amendment would be futile.[15] In determining futility, courts "apply the same standard of legal sufficiency as applies to Rule 12(b)(6)."[16] In other words, if an amendment would be subject to dismissal under a Rule 12(b)(6) motion, amendment would be futile, and the court should deny leave to amend.

Here, Poullard moves to amend the Complaint to assert a claim under the FDCPA. The FDCPA seeks "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors."[17] To state a claim under the FDCPA, Poullard must allege facts sufficient to show the following: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector, as

---

[11] *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 370–71 (5th Cir. 2024) (alteration in original) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).
[12] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).
[13] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981).
[14] Fed. R. Civ. P. 15(a)(2); *see also Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *S&W Enters., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)).
[15] *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000); *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[16] *Stripling, supra*.
[17] *Peter v. GC Servs. L.P.*, 310 F.3d 344, 351–52 (5th Cir. 2002) (citation omitted); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) ("Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers.")

that term is defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.[18] With regard to the second element, the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[19] "The term does not include . . . any officer or employee of a creditor . . . collecting debts for such creditor."[20] Nor does the term include "any person collecting or attempting to collect any debt owed . . . to the extent such activity . . . concerns a debt which was originated by such person."[21]

Poullard fails to plausibly allege Guillory is a "debt collector" as defined by the FDCPA. Poullard's pleadings state that the alleged debt sought to be collected by Guillory was originated by ACA.[22] A "debt collector" under the statute does not include a consumer's creditors.[23] Rather,

---

[18] *See e.g. Hunsinger v. SKO Brenner Am., Inc.*, 3:13-CV-0988-D, 2013 WL 3949023, at *2 (N.D. Tex. Aug. 1, 2013); *Sequel Grp., Inc. v. Wilmington Sav. Fund Soc'y FSB*, 3:16-CV-02056-N (BF), 2017 WL 3704833, at *3 (N.D. Tex. June 7, 2017), *report and recommendation adopted*, 3:16-CV-02056-N (BF), 2017 WL 3674866 (N.D. Tex. Aug. 25, 2017); *Browne v. Portfolio Recovery Associates, Inc.*, CIV.A. H-11-02869, 2013 WL 871966, at *4 (S.D. Tex. Mar. 7, 2013).
[19] 15 U.S.C. § 1692a(6); *see also Hester v. Graham, Bright & Smith, P.C.*, 289 Fed.Appx. 35 (5th Cir. 2008) ("The statute contains two categories of debt collector, those who collect debts as their 'principal purpose,' and those who do so 'regularly.'").
[20] 15 U.S.C. § 1692a(6)(A).
[21] *Id.* at § 1692a(6)(F)(ii).
[22] Likewise, Poullard sets forth no factual allegations indicating Defendant was either engaged "in [a] business the principal purpose of which [was] the collection of . . . debts" or that Defendant "regularly collect[ed] or attempt[ed] to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).
[23] *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("a debt collector does not include the consumer's creditors"); *see also Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3rd Cir. 2000) ("Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA."), *abrogated on other grounds by Henson v. Santander Consumer USA Inc., LLC*, 582 U.S. 79, 81-82 (2017); *see also Staub v. Harris*, 626 F.2d 275, 277 (3rd Cir. 1980) ("The statute does not apply to persons or businesses collecting debts on their own behalf."); *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."); *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (The FDCPA "does not regulate creditors' activities at all") (quoting *Randolph v. I.M.B.S., Inc.*, 368 F.3d 726, 729 (7th Cir. 2004)).

the term "debt collector" specifically refers to those who are collecting a debt *on behalf of another*.[24] It does not apply to creditors—like American Cash Advance, or its employees—who are collecting *their own debts*. Because Poullard has failed to plausibly allege that Guillory is a debt collector under the FDCPA, he has failed to state a claim. As such, the Court finds granting leave to amend would be futile and would only result in needless delay, and therefore leave to amend will be denied.[25]

For these reasons, the Motion to Amend Complaint [ECF No. 22] and the Motion to Vacate [ECF No. 23] are DENIED.

THUS DONE in Chambers on this __22nd__ day of October, 2025.

```
                            ROBERT R. SUMMERHAYS
                            UNITED STATES DISTRICT JUDGE
```

---

[24] *Perry*, 756 F.2d at 1208 ("The FDCPA makes it unlawful for debt collector to use abusive tactics *while collecting debts for others*.") (emphasis added).

[25] In addition to his original Complaint, Poullard has filed two proposed Amended Complaints. *See* ECF No. 22-1, ECF No. 24. Accordingly, the Court finds he has pleaded his best case. *See e.g. Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).